UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, | ) | |
|         Plaintiff, | ) ) | |
| vs. | ) ) | 2:13-cv-01241-RCJ-PAL |
| ROB AND ROBBIE, LLC, | ) ) | **ORDER** |
|         Defendant. | ) ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before the Court is a Motion for Summary Judgment (ECF No. 14). For the reasons given herein, the Court denies the motion and stays the case.

**I.      FACTS AND PROCEDURAL HISTORY**

On or about June 7, 2005, non-parties Peter R. Castaneda, Tracy R. Castaneda, and Jose L. Castaneda ("Borrowers") gave lender Bank of America, N.A. ("BOA") a $265,800 promissory note in exchange for proceeds in that amount to purchase real property at 3816 Purple Bloom Ct., Las Vegas, NV (the "Property"), as well as a first deed of trust against the Property. (*See* Compl. ¶¶ 1, 4, 8, July 12, 2013, ECF No. 1). When Borrowers became delinquent on their HOA dues, Nevada Association Services, Inc., as agent for Sunrise Ridge Master HOA, recorded an HOA lien against the Property and conducted a foreclosure sale, at which Rob and Robbie, LLC ("R&R") obtained the property for $6000. (*See id.* ¶¶ 11–12). Section 9.8 of the Covenants,

1  Conditions, and Restrictions ("CC&R") relating to the Property state, *inter alia*, that "The lien of

2  assessments, including interest and costs, shall be subordinate to the lien of any first Mortgage

3  upon the Unit." (*Id.* ¶ 14).  The first mortgage is in default. (*Id.* ¶ 15).

4        BOA sued R&R in this Court for declaratory relief that the HOA foreclosure did not

5  extinguish the first mortgage, and to quiet title to that effect.  Plaintiff has moved for offensive

6  summary judgment.  The Court has given Defendant additional time to respond, but the parties

7  have now stipulated to stay the case given the Nevada Supreme Court's impending decision on

8  the dispositive issue.

9  **II.    LEGAL STANDARDS**

10        A court must grant summary judgment when "the movant shows that there is no genuine

11  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

12  Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v.*

13  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

14  is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A

15  principal purpose of summary judgment is "to isolate and dispose of factually unsupported

16  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

17  judgment, a court uses a burden-shifting scheme:

18      When the party moving for summary judgment would bear the burden of proof at
    trial, it must come forward with evidence which would entitle it to a directed verdict
19      if the evidence went uncontroverted at trial.  In such a case, the moving party has the
    initial burden of establishing the absence of a genuine issue of fact on each issue
20      material to its case.

21  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

22  and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

23  of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

24  presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

25  demonstrating that the nonmoving party failed to make a showing sufficient to establish an

element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id*. at 249–50.

### III.  ANALYSIS

The parties do not appear to dispute the allegations, as recounted, *supra*.  The question before the Court therefore is a pure matter of law.  This Court has opined before that the foreclosure of an HOA lien in Nevada does not extinguish a first mortgage recorded before the delinquencies giving rise to that HOA lien arose, which circumstances appear plain from the face

of the FAC in this case. *See generally Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222 (D. Nev. 2013). At least three other judges in this District have ruled similarly. *See, e.g.*, *Salvador v. Nat'l Default Servicing Corp.*, No. 2:13-cv-1011, 2013 WL 6019211 (D. Nev. Nov. 13, 2013) (Mahan, J.); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, No. 2:13-cv-0680, 2013 WL 3729849 (D. Nev. July 8, 2013) (George, J.); *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, No. 2:12-cv-949, 2013 WL 531092 (D. Nev. Feb. 11, 2013) (Dawson, J.).

On the other hand, at least two other judges of this District have ruled to the contrary. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, --- F. Supp. 2d ----, 2013 WL 5780793 (D. Nev. 2013) (Pro, J.); *Cape Jasmine Court Trust v. Cent. Mortg. Co.*, No. 2:13-cv-1125, 2014 WL 1305015 (D. Nev. Mar. 31, 2014) (Gordon, J.). The opinions in those cases also represent reasonable interpretations of the law. Those courts essentially reasoned that because section 116.3116 explicitly makes part of an HOA lien "prior" (senior) to a first mortgage, the foreclosure of such a lien extinguishes the first mortgage by the plain text of the statute and the normal operation of foreclosure, i.e., that the foreclosure of a lien that is even partially senior to another lien extinguishes the latter lien. This Court has recognized that the above reasoning is generally sound but has ruled that in the present context the result would be to read the first-mortgage rule out of the statutes except in a class of cases that was rare when the statutes were adopted, i.e., the first-mortgage rule would only have any effect as to properties that were "underwater" (or nearly so).[1] The Court ruled that this result was almost certainly not intended

---

[1] The Court ruled that a literal construction of the "below the line" text of subsection 116.3116(2) would read the first-mortgage rule in subsection 116.3116(2)(b) out of the statute, because "there can be no [HOA] lien that does not include some super-priority amount, because that amount includes virtually every kind of assessment that could be delinquent, except for collection fees and costs arising therefrom." *See Bayview Loan Servicing, LLC*, 962 F. Supp. 2d at 1227–28. One of the judges in this District has questioned whether it is in fact the case that nearly every HOA lien will contain the kinds of charges that invoke the "below the line" text of

by the legislature. A split of opinion exists in the state district courts, as well. Because of this split of authority, another judge of this District has granted a preliminary injunction in a similar case in order to maintain the status quo in light of the "strong questions going to the merits." *See Platinum Realty & Holdings, LLC v. Lee*, No. 2:13-cv-535, 2014 WL 321133 (D. Nev. Jan. 28, 2014) (Navarro, C.J.).[2] The Nevada Supreme Court has not yet opined on the issue, but it heard

---

the statute and obviate the first-mortgage rule. *See SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13-cv-1153, 2014 WL 1256065, at *6 ("This presumption is overstated, in part because it is possible that the HOA lien will not include any super-priority assessment."). But the Court respectfully believes the presumption is not overstated. The "below the line" text of subsection 116.3116(2) provides that an HOA is prior even to a first mortgage "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ." *See* Nev. Rev. Stat. § 116.3116(2) (final, unnumbered paragraph). The "common expenses based upon the periodic budget," of course refers to normal HOA assessments under section 116.3115. HOA liens almost always arise because of a failure to pay these assessments, i.e., HOA dues. Section 116.3116 makes a lien based on up to nine months' worth of those assessments senior to the first mortgage. That is far and away the most common kind of delinquency. The only other kinds of fees an HOA might charge against a homeowner are fees for abatement of nuisances or failure to maintain a property, fines for violations of the CC&R, or collection fees. Nuisance and maintenance fees explicitly give rise to liens that are senior to the first mortgage. *See id.* (citing § 116.310312). Fines for violations of the CC&R apparently do not create a super-priority lien under the statute. But foreclosures over these kinds of fees—fines incurred for CC&R violations such as posting commercial signs in the front yard or parking on the grass—are surely much rarer than foreclosures over delinquent HOA fees. Homeowners typically refuse to pay HOA fees only once they realize they can no longer afford the mortgage and will lose the home anyway. Only a cartoonishly stubborn and foolish homeowner would cut off his nose to spite his face and lose his home over a small fine for having too large a birdbath in his front yard. Finally, collection fees naturally arise only after some other kind of delinquency has arisen. In summary, it appears that the only kind of HOA lien that would not obviate the first-mortgage rule in an HOA foreclosure under a literal reading of the statute is one based purely on CC&R violations. The Court maintains that HOA foreclosures based at least in part upon delinquent HOA dues are so much more common than HOA foreclosures based purely upon CC&R violations that the latter category is negligible.

[2]Although this Court has ruled that a party purchasing real property at an HOA sale solely for rental or resale is not ordinarily entitled to a preliminary injunction against foreclosure by the first mortgage holder, *see Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, --- F. Supp. 2d ----, 2014 WL 1199591 (D. Nev. 2014) (Jones, J.), the Court agrees that an injunction was proper

oral arguments on two cases implicating the issue on May 7, 2014. The State Bar of Nevada Real Property Section filed an amicus brief in the Nevada Supreme Court favoring Judges Pro's and Gordon's resolution of the issue. The Nevada Supreme Court's ruling may determine the issue or at least give a strong indication as to the proper outcome. This Court has not changed its opinion based upon Defendant's arguments in this case, but if anything has become clear since the Court's *Bayview* ruling, it is that the dispositive issue of law is unsettled. The Court will therefore not grant summary judgment at this time. In previous cases, the uncertainty in the law was not so pronounced, and it was not apparent that a controlling ruling was forthcoming from the Nevada Supreme Court within the foreseeable future. Circumstances have changed, however.

      The Court rejects Plaintiff's due process arguments. The fact that Nevada has a race–notice recording statute is no rebuttal to the argument that the HOA foreclosure statutes permit an HOA foreclosure to extinguish a mortgage that was recorded after the CC&R permitting HOA liens but after a particular HOA lien itself. As the Court has noted in ruling that HOA foreclosures do not extinguish first mortgages, the State of Nevada may structure its foreclosure and recording statutes as it sees fit. That is true whatever the proper interpretation of the statutes. The statutes governing HOA foreclosures were in place when Plaintiff gave the mortgage at issue. The recording statute provides a general statutory exception to the first-in-time, first-in-right rule provided by the common law. That is, under the recording statute, a person who records his deed may have priority over another party who received a competing interest in the same property before the recording party received his interest. The HOA foreclosure statutes provide that certain HOA liens are prior even to first mortgages so long as

---

in Chief Judge Navarro's case, where the buyer at the HOA foreclosure sale desired to actually reside in the property and was therefore able to claim irreparable harm from an impending loss of title and the right of possession, *see Lee*, 2014 WL 321133 at *1.

the CC&R permitting foreclosure are recorded before the first mortgage.  The recordation of the CC&R puts a potential mortgagee on notice of the risk of a future HOA foreclosure.  Plaintiff has long been on notice of the statutory scheme that would permit its mortgage to potentially be extinguished by an HOA lien in some circumstances, and it has been able to protect itself by periodically checking the postings at the front entrance of the Washoe County Courthouse or the electronic records available online for free.  Plaintiff was on constructive notice of the CC&R permitting an HOA foreclosure (recorded before the first mortgage), the notice of HOA lien, and the notice of sale.  The fact that Plaintiff gave its mortgage at a time when no actual lien had been placed against the Property does not matter.  It is notice of the *possibility* of an action against the security by a senior party that matters.  When a mortgagee considers giving a deed of trust against a property where, as here, CC&R permitting an HOA foreclosure for delinquent dues has been recorded, the putative mortgagee is on notice of the possibility that a lien may arise thereunder in the future that will be superior to the lien of the putative first mortgagee, just as a putative second mortgagee is on notice when it considers giving a deed of trust against a property where a first mortgage has been recorded.  The first mortgagee has no better notice-based argument against the HOA than the second mortgagee has against the first mortgagee.  In neither case has the senior party's potential future notice of default been recorded when the junior party takes its security interest.  But in both cases the putative junior party is aware when deciding whether to take its security interest that the putative senior party may foreclose upon a future delinquency, and in both cases the junior party receives constructive notice of an impending sale when the senior party records its notice of sale.  A junior secured party cannot be heard to complain that he was too lazy or disorganized to keep abreast of the freely available public notices as to property in which he has an interest.  Recordation provides constructive notice.

   The Court also rejects Plaintiff's argument that an HOA must foreclose judicially to invoke the super-priority statute.  Plaintiff bases this contention upon the following statutory

language:

> The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an *action* to enforce the lien.

Nev Rev. Stat. § 116.3116(2)(final unnumbered paragraph) (emphasis added). The argument fails for two independent reasons. First, "action" does not include only civil actions. The Legislature could easily have said "civil action" or "judicial action," but it used the broader term "action." In the context of lien foreclosure, and particularly where the statutes specifically provide for either judicial or non-judicial foreclosure, "action" is most reasonably read to include either. Second, the cited statute does not appear to use the word "action" in a way that makes the super-priority status dependant upon whether an "action" has been instituted. Rather, the word "action" is used (in the subjunctive mode, not the indicative mode) as a way to measure the portion of an HOA lien that has super-priority status. That is, the HOA lien has super-priority status to the extent of nine months worth of HOA dues. No action at all, judicial or non-judicial, need be instituted to create the super-priority lien. If a first mortgagee forecloses, the HOA may have instituted no kind of action at all, but it is still entitled under the statute to take any super-priority portion of its lien from the sale proceeds before the first mortgagee sees its first penny. It would also be an odd construction to find that no "action" need be taken to create super-priority status for an HOA lien based on section 116.310312 (abatement of nuisances), but only for an HOA lien based on section 116.3115 (delinquent HOA dues), which would be the result of Plaintiff's proposed construction, because the word "action" is part of a phrase that modifies only the HOA-dues part of the sentence, not the abatement-of-nuisances part. The purpose of the statute, it appears clear, is to protect the financial health of HOAs, and that purpose would only be minimally furthered by giving super-priority status in non-judicial foreclosure cases only to

delinquencies for abatement of nuisances as opposed to delinquencies for dues delinquencies, which are much more common. Plaintiff reads the statute as if it began, "If the holder of a lien under this section brings a judicial foreclosure action, . . . ." The Court cannot read such an introductory clause into the statute based upon the use of the word "action" to measure the extent of a delinquent-dues-based lien.

In summary, the Court continues to believe that the better interpretation of the statute is that the foreclosure of an HOA lien does not extinguish a first mortgage recorded before the HOA lien arises, although the Court rejects Plaintiff's due process and judicial action arguments. However, the Court recognizes the split in authority and that the question has now been argued to the Nevada Supreme Court, and the Court will therefore not grant summary judgment at this time, but will stay the case, in accordance with the parties' stipulation.

Finally, Nationstar Mortgage, LLC ("Nationstar") has moved to be substituted for BOA as the real party in interest under Rule 17(a)(3). Nationstar adduces a copy of the April 3, 2013 assignment of the first mortgage from BOA to itself.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Substitute Plaintiff (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the case is STAYED.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge